UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICTORIA BYRGE CHILDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-85 |
| | ) | (PHILLIPS/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of the plaintiff's Motion for an Award of Fees and Expenses Under the Equal Access to Justice Act. [Doc. 17] The plaintiff moves the Court for an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1,690.00. The plaintiff contends that the Commissioner's position was not substantially justified, and that she is therefore entitled to attorney's fees and costs under EAJA. The Commissioner opposes the plaintiff's motion, arguing that the Commissioner's position was substantially justified.

## I.     Procedural History

On March 12, 2007, the plaintiff, Victoria Byrge Childs ("Plaintiff"), filed an application to proceed in forma pauperis in this matter. Plaintiff's application was granted on April 23, 2007, and that same day she filed her complaint seeking judicial review under 42 U.S.C. § 405(g) of a "final

decision" of the Commissioner. On October 18, 2007, the Court issued a Report and Recommendation [Doc. 14] recommending that the Commissioner's decision be reversed and that the matter be remanded to the defendant Commissioner. On November 8, 2007, the District Court entered an Order adopting the undersigned's Report and Recommendation in whole and remanding the matter to the defendant Commissioner for further proceedings. [Doc. 15]

## II.     Award of Fees Under EAJA

On November 30, 2007, Plaintiff filed the instant motion requesting an award of fees under EAJA.

EAJA provides, in pertinent part, that:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Therefore, four conditions must be met before an attorney is entitled to EAJA attorneys' fees: (1) the plaintiff must be a prevailing party; (2) the government's position must be without substantial justification; (3) no special circumstances warranting denial of fees may exist; and (4) the application for attorneys' fees must be filed within 30 days of the final judgment in the action. Id. § 2412(d)(1)(A)-(B).

### 1.     Prevailing Party

Plaintiff is a "prevailing party," as she received a sentence four remand for further fact finding and the taking of further evidence. See Shalala v. Schaefer, 509 U.S. 292, 295-302 (U.S.

1993) (holding that a sentence four remand provides prevailing party status to the plaintiff); Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (U.S. 1989) (holding that a "prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought").

    2.    **Substantial Justification**

The "substantial justification" standard under EAJA requires the government's position to have been "justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing, *inter alia*, Pierce v. Underwood, 487 U.S. 552 (1988)). In Pierce, the Supreme Court specifically held that:

> [w]e are of the view . . . that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" - that is justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Pierce, 487 U.S. at 565 (citations omitted). The government bears the burden of proving that its position was substantially justified. Willis v. Sullivan, 730 F. Supp. 785, 787 (M.D. Tenn. 1990) (citing, *inter alia*, Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162 (6th Cir. 1985)). The Sixth Circuit has held that

> [f]or the purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the government to pursue or persist in litigation. Spencer v. N.L.R.B., 712 F.2d 539, 559 (D.C. Cir. 1983).

3

Perket v. Sec'y of Health and Human Sers., 905 F.2d 129, 135 (6th Cir. 1990). However, the substantial justification standard is different from the substantial evidence standard used to review the Commissioner's decision to deny benefits. See Couch v. Sec'y of Health & Human Servs., 749 F.2d 359, 360 (6th Cir. 1984) (holding that "[t]he fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified"). Therefore, the Commissioner can lose on the merits of the disability claim and still win on the application for attorney fees. See id. Furthermore, the EAJA dictates that whether "the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

In the instant case, the Court finds that the Commissioner's position was substantially justified in this matter. Specifically, as the Court found in its Report and Recommendation, which was later adopted by the District Court, that the ALJ's evaluation of Plaintiff's mental impairments was supported by substantial evidence. The Court further found that the ALJ's finding that Plaintiff was capable of working with some restrictions was also supported by substantial evidence. It was only the ALJ's reliance on a vocational assessment which did not specifically address Plaintiff's non-exertional mental impairments, rather than the testimony of a qualified vocational expert, with which the Court took issue. In remanding the case, the undersigned noted that "while the Court is inclined to believe that a significant number of jobs probably exist for the Plaintiff, the Court can not reach that conclusion based on the [vocational assessment relied upon by the ALJ]." [Doc. 14

4

at 8] In light of these past findings, the Court finds that the Commissioner's decision was "justified in substance or in the main" and was justified to the degree necessary to satisfy a reasonable person. Pierce, 487 U.S. at 565.

III. **Conclusion**

Accordingly, the Court finds that the Commissioner's position was substantially justified. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion for an Award of Fees and Expenses Under the Equal Access to Justice Act [Doc. 17] be **DENIED**.

                                              Respectfully submitted,

                                                   s/ H. Bruce Guton
                                               United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).